[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14113
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cr-00251-WTM-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAWN SIBERT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(August 8, 2019)

Before TJOFLAT, BRANCH and BLACK, Circuit Judges.

PER CURIAM:

Shawn Sibert appeals his conviction for being a felon in possession of a firearm, challenging the district court's denial of his motion to suppress evidence seized as a result of a search of the vehicle that he was driving at the time of his arrest. Sibert argues the evidence was found pursuant to an invalid inventory search because all reasonable signs indicated that law enforcement decided against impounding his vehicle, and instead, planned to allow a third party to move the vehicle. He argues it was not until the firearm was recovered that the officer decided to impound the vehicle, and the magistrate judge erred in accepting the officer's testimony to the contrary. Further, Sibert argues any evidence seized after the illegal search and seizure, including statements, should be barred under the fruit of the poisonous tree doctrine. After review,[1] we affirm.

In most circumstances, police officers must obtain a warrant supported by probable cause to justify a search under the Fourth Amendment. *United States v. Magluta*, 418 F.3d 1166, 1182 (11th Cir. 2005). "[T]he basic rule [is] that searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Arizona v. Gant*,

---

[1] We review a district court's ruling on a motion to suppress under a mixed standard, reviewing the district court's findings of fact for clear error and its application of the law to those facts de novo. *United States v. Bervaldi*, 226 F.3d 1256, 1262 (11th Cir. 2000). "[W]hen considering a ruling on a motion to suppress, all facts are construed in the light most favorable to the prevailing party below." *Id.*

556 U.S. 332, 338 (2009) (quotations omitted).  Moreover, evidence that derives so immediately from an unlawful search is barred from use at trial as fruit of official illegality.  *Wong Sun v. United States*, 371 U.S. 471, 485 (1963).

The inventory search of an impounded vehicle is a well-established exception to the Fourth Amendment warrant requirement.  *Colorado v. Bertine*, 479 U.S. 367, 371 (1987).  When determining whether to uphold a search under the inventory search doctrine, a court must determine (1) whether the police had the authority to impound the vehicle, and (2) whether the officers followed procedures governing inventory searches.  *United States v. Williams*, 936 F.2d 1243, 1248 (11th Cir. 1991).  A law enforcement officer may "impound a vehicle so long as the decision to impound is made on the basis of standard criteria and on the basis of something other than suspicion of evidence of criminal activity." *United States v. Johnson*, 777 F.3d 1270, 1277 (11th Cir. 2015) (quotations and alterations omitted).

The record reflects that Officer Joseph Overholt had authority to impound the vehicle, followed the appropriate procedures in conducting the inventory search, and intended to impound the vehicle before conducting the inventory search based on his supervisor's comment.  First, Sibert does not contest that Overholt had the discretion to impound the vehicle and therefore has abandoned that issue on appeal.  *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th

3

Cir. 2003) (stating failure to plainly and prominently raise an issue, such as through passing references to an issue in an appellant's initial brief, constitutes an abandonment of the issue). In any event, because the vehicle was stopped in the middle of the street, Department policy permitted Overholt to impound the vehicle or allow the owner to take custody. As such, Overholt's ultimate decision to impound the vehicle was permissible.

Second, Sibert contests that Overholt followed Department policy in conducting the inventory search, as Department policy does not permit inventory searches when giving control of the vehicle to third parties. The district court, however, found Overholt credible in that he had abandoned his plan to allow the neighbor to park the vehicle and elected to inventory and impound it. *See United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (stating credibility determinations are typically the province of the fact finder and this Court defers to the fact finder's determinations "unless his understanding of the facts appears to be unbelievable" (quotations omitted)). Indeed, Department policy required inventory of a vehicle before it is impounded for the safety of the officers and protection of property in the vehicle. Further, Overholt testified that he had never inventoried a vehicle without impounding it. By conducting an inventory search before impounding the vehicle, Overholt's search was consistent with the Department's procedures governing inventory searches.

4

Finally, the district court was not clearly erroneous in finding that Overholt's decision to search and impound the vehicle was not based on suspicion of evidence of criminal activity. Although Overholt considered permitting the neighbor to legally park the vehicle, it was Sergeant Jeron Young's comment about searching the vehicle that prompted Overholt to change his mind. Overholt's testimony shows that, after his supervisor's comment, Overholt believed that he had no option but to inventory the contents of the vehicle before impoundment, and he testified that he did not initiate the search to find incriminating evidence. Young testified that the ultimate decision was left with Overholt, who at that time was within his authority to change his mind and impound the vehicle. While Sibert emphasizes the actions taken by Overholt to have the neighbor legally park the vehicle discredits his testimony, Overholt's testimony supports the finding that Overholt believed Young's statement was a directive that an inventory search prior to impoundment was required. Indeed, the factual determination that Overholt abandoned his plan is supported by the record and is not "unbelievable." *See Ramirez-Chilel*, 289 F.3d at 749 ("[This Court] must accept the evidence unless it is contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it." (quotations omitted)). As such, Overholt's decision to inventory and impound the car was not based on a suspicion

the vehicle contained criminal evidence, but on the belief he was required to impound it.

Affording the district court due deference in its credibility findings, we conclude the district court did not err in finding Overholt intended to impound the vehicle prior to conducting the inventory search and the search was not based on suspicion of incriminating evidence. Therefore, the inventory search was a valid exception to the Fourth Amendment's warrant requirement. Because the search was valid, subsequently obtained evidence cannot be considered illegal fruit of the search. We affirm.

**AFFIRMED**.